TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
PHUNG H. TRUONG, Bar No. 287687
Justice at Work Law Group
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com
Phung@JAWLawGroup.com

Attorneys for Plaintiff
JAIME SANCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEE DEE ANGEL S CORPORATION, INC. dba RAMA V THAI CUISINE, and DUSITA THAI CUISINE, INC.,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Federal FLSA Claim:<br>1. Failure To Pay Overtime And For All Hours Worked (29 U.S.C. §§ 207, 216(B), And 255(A));<br><br>California Supplemental State Claims:<br>2. Failure To Pay Overtime Wages And For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1197, 1771 and 1774);<br>3. Failure To Pay Minimum Wage For All Hours Worked (Cal. Labor Code § 1194.2);<br>4. Failure to Provide Compliant Rest Breaks (Cal. Labor Code § 226.7);<br>5. Failure To Provide An Itemized Wage Statement (Cal. Labor Code § 226);<br>6. Waiting Time Penalties (Cal. Labor Code § 203); and<br>7. Restitution For Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

**NATURE OF THE CASE**

1. This is an action by Plaintiff JAIME SANCHEZ who worked as a dishwasher and prep person for Defendants DEE DEE ANGEL S CORPORATION dba RAMA V THAI CUISINE and DUSITA THAI CUISINE, INC., who own and operate a restaurant in Santa Clara County. Plaintiff

seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).

2. Defendants' policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("IWC") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11070; California Labor Code §§ 200, 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1771, and 1774; and California Business and Professions Code §§ 17200 *et seq.* (the "Unfair Business Practices Act"). These laws require, *inter alia*, that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, and that all hours worked by accurately reflected on a written, itemized statement. They also require employers to provide their employees with a rest period of at least 10 minutes for every four hours of work or a major fraction thereof, and that employees must be relieved of all duties during these rest periods.

3. Plaintiff's claims can be summarized as follows:

a. <u>Failure to Pay for All Hours Worked:</u> When Plaintiff worked more than 8 hours in a day or 40 hours in a week, Defendants did not pay him his wages for all hours worked and at the overtime rate of pay. This encompasses both the failure to pay overtime and the failure to pay all wages dues and owing. This occurred by acts including, but not limited to, paying Plaintiff a salary even though Plaintiff was not an exempt employee. At no time did Plaintiff and Defendants come to an agreement that the pay was based on an hourly wage rate or minimum wage. A claim is also being made under California law for premium wages for a split shift or for the time period Plaintiff was made to wait between shifts.

b. <u>Denied Rest Breaks:</u> Plaintiff was not afforded 10-minute rest breaks throughout his employment with Defendants.

c. Plaintiff seeks compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, as well as attorneys' fees, penalties, interest and costs for the above.

///

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

5. Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the supplemental jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

**PARTIES TO THE ACTION**

6. Plaintiff JAIME SANCHEZ was, and at all relevant times herein is, an individual over the age of eighteen and resident of California and employed by Defendants within the statute of limitations in this action.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant DEE DEE ANGEL S CORPORATION dba RAMA V THAI CUISINE is engaged in business in California, particularly in Santa Clara County.

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant DUSITA THAI CUISINE, INC. is engaged in business in California, particularly in Santa Clara County.

9. Plaintiff is informed and believes and therefore alleges that Defendants employed Plaintiff as a dishwasher and prep person in a non-exempt capacity.

**GENERAL ALLEGATIONS**

10. Defendants employed Plaintiff at all relevant times within the statute of limitations for this action. Plaintiff worked as a dishwasher and prep person. He was paid a salary in cash and worked significantly more than 8 hours a day and 40 hours a week.

11. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

12. Defendants did not properly pay all overtime wages due and owing to Plaintiff. Defendants did not pay Plaintiff for all hours worked and at the correct overtime rate. The underpayment was accomplished by paying Plaintiff a salary and having him work overtime hours,

even though Plaintiff was not paid twice the minimum wage such that he qualified from the overtime exemption.  Plaintiff worked as a dishwasher and prep person in a non-exempt capacity.

13. Said failure in not paying at least minimum wage and overtime wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

14. Defendants failed to "authorize and permit" Plaintiff from taking paid 10-minute rest breaks throughout his employment.

15. Defendants did not accurately record the hours worked by Plaintiff.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*

16. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

17. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

18. Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

19. Defendants routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week without paying all of their wages for such overtime work.

20. In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, Defendants willfully violated the FLSA.

21. As a direct and proximate result of Defendants' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

22. Defendants intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages.  Defendants are thus liable to

Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

23. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**SUPPLEMENTAL STATE CLAIM**
*Violation Of California Labor Code §§ 510, 1194, 1197, 1771 and 1774*
*Failure To Pay Overtime Wages And For All Hours Worked*

24. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

25. At all times mentioned herein, Defendants were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for Defendants. Pursuant to California Labor Code § 510, Defendants had a duty to pay their employees, including Plaintiff, no less than the one and one-half times his contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week. Under California Labor Code § 1194, Plaintiff is entitled to be paid overtime wages and has standing to sue for such violations.

26. Pursuant to California Labor Code § 1194, Plaintiff seeks as earned but unpaid overtime wages and wages for all hours worked payment at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

27. As a result of Defendants' violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court.

28. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

29. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code §§ 1194.2*

*Failure To Pay Minimum Wage For All Hours Worked*

30. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

31. At all times mentioned herein, Defendants were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2. Pursuant to California Labor § 1194, Defendants had a duty to pay their employees, including Plaintiff, no less than the minimum wage for all hours worked. Under California Labor Code § 1194, Plaintiff is entitled to be paid minimum wages and has standing to sue for such violations.

32. Pursuant to California Labor Code §§ 1194 and 1194.2, Plaintiff seeks unpaid minimum wages and penalties for the failure to pay minimum wages.

33. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**COUNT FOUR**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders*
*Failure to Provide Rest Breaks Or Compensation In Lieu Thereof*

34. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

35. California Labor Code § 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

36. The applicable Wage Order states with regards to rest periods:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work

> period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.
>
> (B) Rest periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work. However, the employer shall make up the missed rest period within the same workday or compensate the employee for the missed ten (10) minutes of rest time at his/her regular rate of pay within the same pay period.

37. Defendants violated California Labor Code § 226.7 and the wage orders by failing to schedule rest periods and by failing to provide one hour of additional wages at the employee's regular rate of compensation for each work day that the rest periods were not provided.

38. Plaintiff did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained, not voluntarily agreed to, a condition of employment, or part of an unlawful contract of adhesion. Defendants did not provide, permit or authorize Plaintiff to take rest periods in accordance with law or, if provided, did not pay for such time.

39. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages, which is an amount resulting directly from the acts complained of.

40. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 226*
*Failure To Provide An Itemized Wage Statement*

41. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

42. California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

43. The IWC Wage Orders also establish this requirement. (*See* 8 Cal. Code of Regs. § 11040(8).)

44. California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and attorneys fees.

45. Defendants have failed and continue to fail to provide accurate, itemized wage statements to Plaintiff, in that the wage statements that Defendants provide to their employees, including Plaintiff's, do not accurately reflect the actual hours worked and the wages earned.

46. Defendants are liable to Plaintiff for the amounts described above, in addition to the civil penalties provided for in California Labor Code § 226.3.

47. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

## COUNT SIX
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code § 203*
*Waiting Time Penalties*

48. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

8
COMPLAINT

49. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

50. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of his intention to quit or resign.

51. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

52. Plaintiff is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

53. Plaintiff has left the employ of Defendants, but has not yet been fully compensated for the hours that he worked.

54. Defendants have willfully failed and refused to make timely payment of wages to Plaintiff.

55. As a direct and proximate result of Defendants' alleged conduct, Defendants are liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

56. As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**COUNT SEVEN**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Business & Professions Code §§ 17200 et seq.*
*Restitution for Unfair Business Practices*

57. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

58. At all times relevant herein, Plaintiff's employment with Defendants was subject to the FLSA, California Labor Code, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Said laws also required payment for all hours worked.

59. At all times relevant herein, Defendants were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17000 *et seq.* Defendants failed to pay Plaintiff overtime rate for his overtime hours, as required by California law. Plaintiff and other members of the general public employed by Defendants were entitled to those wages, which Defendants kept to itself. It also calls for rest breaks to be scheduled, which changes a business' staffing levels and gave Defendants an economic advantage over law-abiding businesses.

60. In doing so, Defendants engaged in unfair competition by committing acts prohibited by the FLSA, California Labor Code, and applicable IWC Wage Orders. Such acts gave Defendants a competitive advantage over other employers who were in compliance with the law.

61. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, Plaintiff's rights under the law were violated, and he suffered general damages in the form of unpaid wages in an amount to be proved at trial.

62. Defendants have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the FLSA, California Labor Code, and applicable IWC Wage Orders, but knowingly, willfully, and intentionally failed to pay Plaintiff and other members of the general public employed by them overtime pay.

63. Plaintiff and other members of the general public employed by Defendants can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practice Act.

64. Plaintiff and other members of the general public employed by Defendants have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For an order awarding Plaintiff compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid,

2. For liquidated damages per the FLSA equal to unpaid overtime wages under the First Count;

3. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and 226.7(b), together with interest on these amounts;

4. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

5. For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

6. For an additional hour wage for each day Plaintiff was not provided a rest break;

7. For "waiting time" penalties under California Labor Code § 203;

8. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 218.5, 226(e), and 1194, and/or other applicable law;

9. For costs of suit herein;

10. For such other and further relief as the Court may deem appropriate.

Dated: August 15, 2014

*//s// Phung H. Truong*
Tomas E. Margain
Huy Tran
Phung H. Truong
JUSTICE AT WORK LAW GROUP
Attorneys for Plaintiff
JAIME SANCHEZ